IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD HINDES, # 07510-090,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-01272-NJR |
| | ) |
| **BOP MEDICAL STAFF,** | ) |
| **LESLEE DUNCAN,** | ) |
| **PAUL HARVEY,** | ) |
| **ROBERT KING,** | ) |
| **and PATRICK CUNNINGHAM,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Richard Hindes, who is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), brings this action pursuant to 28 U.S.C. § 1331. In the complaint (Doc. 1), Plaintiff claims that several officials at the United States Penitentiary in Marion, Illinois ("USP-Marion"), deprived him of adequate medical care in the form of testosterone injections. Plaintiff now sues four of these officials in connection with this medical claim, including Defendants Leslee Duncan (physician's assistant), Paul Harvey (doctor), Patrick Cunningham (registered nurse), and Robert King. He also names the BOP Medical Staff as a defendant. Plaintiff seeks monetary damages (Doc. 1, p. 8).

### Merits Review Under 28 U.S.C. § 1915A

This matter is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After considering the allegations in light of this standard, the Court finds that the complaint survives preliminary review under Section 1915A.

## The Complaint

In the complaint, Plaintiff alleges that his testicles were surgically removed as a result of a childhood illness. He has received testosterone injections during his entire adulthood. For years, the dosage has not changed.

Upon his arrival at USP-Marion, Plaintiff's bloodwork showed testosterone levels that the Federal Bureau of Prisons ("BOP") deemed to be high. Plaintiff asked officials not to alter his dosage. He expressed concern that his testosterone levels could drop dangerously low. Defendant Duncan disagreed, and Defendant Harvey proceeded to reduce Plaintiff's dosage "multiple times." Plaintiff asked Defendants Cunningham and King to intervene and correct the dosage, but they, too, declined. Plaintiff was repeatedly told, "You won't die" (Doc. 1, p. 5).

The injections were then administered on an inconsistent basis. Plaintiff was supposed to receive them every fourteen days. Instead, he received a prescription for the injections when it was convenient for the staff. As much as twenty-five days passed between prescriptions. As a result, Plaintiff's testosterone levels fell "below 30," which he claims is dangerously low. For six months, Plaintiff suffered from "lethargy, pain, night sweats, and extreme mood swings" (Doc. 1, p. 5).

Plaintiff now sues Defendants Duncan, Harvey, King, and Cunningham. He also names the BOP Medical Staff as a defendant. Plaintiff seeks $10 million in damages, and he alleges that he intends to donate this money to children's cancer research (Doc. 1, p. 6).

## Discussion

The allegations in the complaint plead a violation of the Eighth Amendment's proscription against cruel and unusual punishment arising from the provision of inadequate medical care and give rise to a cause of action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (**Count 1**).[1] In *Bivens*, the United States Supreme Court recognized an implied cause of action for damages against federal officers who allegedly violated the petitioner's

---

[1] A *Bivens* action is the federal equivalent of a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, the Court frequently refers to Section 1983 case law in its analysis. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2002) (With limited exceptions, "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983"); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases).

Fourth Amendment rights. *See Bivens*, 403 U.S. at 397. The Supreme Court subsequently found such a remedy available for violations of an individual's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment and the Due Process Clause. *See Hui v. Castaneda*, 559 U.S. 799, 803 n.2 (2010) (citing *Carlson v. Green*, 446 U.S. 14, 17-19 (1980)). It is on this basis that Plaintiff shall be allowed to proceed with Count 1 against Defendants Duncan, Harvey, Cunningham, and King.

Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The pleadings satisfy both threshold requirements for an Eighth Amendment deliberate indifference to medical needs claim against Defendants Duncan, Harvey, Cunningham, and King. The allegations suggest that Plaintiff's need for testosterone injections was objectively serious; the condition required monitoring by a physician and regular hormone treatments. Further, the complaint suggests that these defendants responded to Plaintiff's condition with deliberate indifference by manipulating the dosage of testosterone and supplying the injections inconsistently, despite their alleged awareness of the consequences to Plaintiff. Although the Court takes no position regarding the ultimate merits of this claim, Plaintiff shall be allowed to proceed with Count 1 against Defendants Duncan, Harvey, King, and Cunningham at this time.

Defendant BOP Medical Staff shall be dismissed. This defendant is listed in the case caption. However, no allegations in the narrative portion of the complaint address the conduct of any specific BOP Staff Member who is not already named as a defendant in this action. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against that defendant. Furthermore, merely invoking the name of a potential defendant -- or group of defendants -- is not sufficient to state a claim against that defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). For this reason, Defendant BOP Medical Staff shall be dismissed from this action.

### Pending Motion

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

### Disposition

**IT IS ORDERED** that Defendant **BOP MEDICAL STAFF** is **DISMISSED** with prejudice from this action, based on Plaintiff's failure to state any claim against this defendant

upon which relief may be granted.

As to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **DUNCAN, HARVEY, KING,** and **CUNNINGHAM**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **DUNCAN, HARVEY, KING,** and **CUNNINGHAM** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service

---

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 4, 2014**

**NANCY J. ROSENSTENGEL**
**United States District Judge**