IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD HINDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-1272-NJR-DGW |
| | ) | |
| LESLEE DUNCAN, PAUL HARVEY, ROBERTY KING, and PATRICK CUNNINGHAM, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel filed by Plaintiff, Richard Hindes, on March 27, 2015 (Doc. 20), and the Motion Regarding Service filed by Plaintiff on April 2, 2015 (Doc. 21). The Motion for Recruitment of Counsel is **DENIED** and the Motion Regarding Service is **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff's first Motion for Recruitment of Counsel (Doc. 3) was denied without prejudice because Plaintiff had not demonstrated that he attempted to secure counsel without Court assistance prior to filing the motion (Doc. 9). In the pending Motion, Plaintiff has attached letters from various attorneys, not located in Illinois, who each decline representation. Plaintiff currently is housed at the United States Penitentiary (USP) located in Lewisburg, Pennsylvania and he filed suit over events that occurred at USP Marion. In particular, Plaintiff claims that he received inadequate medical care related to inconsistently administered and improperly dosed testosterone injections. Plaintiff represents that he is a high school graduate but that he requires counsel because he has "very little knowledge of the law."

Counsel will not be recruited in this matter at this time. The Court acknowledges that Plaintiff is suing over events that occurred at a facility where he is no longer housed. However, Plaintiff appears capable of litigating his matter without counsel. Plaintiff has alleged a single claim of lack of appropriate medical care related to a single condition. Much of the evidence will be in the form of medical records and Plaintiff's own testimony as to the effects of Defendants' alleged actions. Plaintiff's Compliant is direct and concise – he appears capable of seeking relief and following the Court's directions. That Plaintiff does not have a legal education is not surprising (most inmates are not lawyers) and would not, in-and-of-itself, warrant recruitment of

counsel. Inexperience with the law can be remedied by allowing sufficient time for an inmate such as Plaintiff (who is capable of reading and following directions) to conduct legal research.

As to Plaintiff's second Motion, Plaintiff is proceeding *in forma pauperis*, which means that service on Defendants will be made at the government's expense. As of the date of this Order, Defendants Cunningham, Duncan, and King have filed an Answer; and, Defendant's Harvey's summons has not been returned as executed. As soon as the deadline for Defendant Harvey's response to summons has passed, additional steps will be taken in an attempt to serve Harvey if necessary. Plaintiff is further informed that a scheduling order will be entered in this matter forthwith.

**IT IS SO ORDERED.**

**DATED: April 7, 2015**

                                    **DONALD G. WILKERSON**
                                    **United States Magistrate Judge**