IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD HINDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-1272-NJR-DGW |
| | ) | |
| LESLEE DUNCAN, PAUL HARVEY, ROBERT KING, and PATRICK CUNNINGHAM, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Clarify/to Amend/for Injunctive Relief filed on August 21, 2015 (Doc. 34), the Motion to Serve Subpoena filed on August 24, 2015 (Doc. 36), and the Second Motion to Serve Subpoena filed on September 11, 2015 (Doc. 37) by Plaintiff, Richard Hindes.

In the Motion to Clarify/to Amend/for Injunctive Relief (Doc. 34), Plaintiff seeks to amend his complaint in order to add a claim of immediate injunctive relief, a prayer for relief that was not contained in his original Complaint. Federal Rule of Civil Procedure 65 governs requests for preliminary injunctive relief. The Rule anticipates the filing of a Motion for injunctive relief and explains the contents or an Order granting such relief and the limitations of such relief. Plaintiff is further informed that a preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."

*Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and
    3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

If Plaintiff seeks preliminary injunctive relief, he must file a motion with the above guidelines in mind. This Motion (Doc. 34) is accordingly **DENIED WITHOUT PREJUDICE**.

In the Motion for Subpoena (Doc. 36), Plaintiff states that he requires a subpoena to acquire his own medical records. Plaintiff then goes on to indicate that he does have a copy of his medical records but that he believes they are not complete. Plaintiff also seeks video surveillance recorded on October 31, 2013 which would show Defendant King speaking to Plaintiff at his cell (in the Special Housing Unit) and allegedly mocking Plaintiff because of his medical condition. In addition, Plaintiff seeks any other surveillance video of Dr. King, as it relates to Plaintiff, during other times at U.S.P. Marion. In the Second Motion for Subpoena, Plaintiff states that he requires the location of three inmates, Jason Hawthorne, James Dean, and Keith Gleave, who have information pertaining to Plaintiff's deliberate indifference claim.

As to the medical records, the Scheduling Order in this matter requires Defendants to provide Plaintiff with a copy of his medical records (Doc. 25).[1] If Plaintiff believes that certain pages or portions are missing, he must provide the Court with more information as to the missing portions. As to the surveillance video, Plaintiff should serve a request to produce, pursuant to

---

[1] The Scheduling Order erroneously refers to the IDOC (Illinois Department of Corrections) instead of the BOP (Bureau of Prisons).

Federal Rule of Civil Procedure 34, upon Defendants as to the surveillance video(s) prior to seeking the Court's assistance. Finally, as to the subpoenas, the Clerk must issue subpoenas on request of a party. FED.R.CIV.P. 45(a)(3). However, the Court has an obligation to protect persons subject to a subpoena and may preview subpoenas in order to ensure that the Court's subpoena power is not being abused. FED.R.CIV.P. 26(b)(2)(C), 45(c); *Marozsan v. United States,* 90 F.3d 1284, 1290 (7th Cir. 1996). To that end, Plaintiff shall indicate to the Court what specific information he believes the witnesses have which would be relevant to this lawsuit. Thereafter, the Court will determine whether Plaintiff should be appointed counsel as it is unlikely that he will be able to conduct depositions of other inmates while incarcerated himself. These Motions (Docs. 36 and 37), then, are also **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: September 18, 2015**

                      **DONALD G. WILKERSON**
                      United States Magistrate Judge