IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD HINDES,<br><br>    Plaintiff,<br><br>v.<br><br>LESLEE DUNCAN, ROBERT KING and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 14-cv-1272-JPG-DGW<br><br>consolidated with |
| RICHARD HINDES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 15-cv-1373-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter is before this Court on plaintiff Richard Hindes's motion to reopen part of this case (Doc. 154, but much of his argument in support of the motion appears in Doc. 152). Hindes asks the Court to reinstate his Federal Tort Claims Act ("FTCA") claim originally filed in *Hindes v. United States of America*, No. 15-cv-1373-JPG-DGW. He argues that his FTCA claim was dismissed for failing to provide the medical professional's report required by 735 ILCS 5/2-622(a), but that evidence presented in the October 2018 trial of his *Bivens* Eighth Amendment deliberate indifference to medical needs claim, *Hindes v. Duncan*, No. 14-cv-1272-JPG-DGW, provides the required medical report. Now that he has that information, he asks the Court to reinstate his FTCA claim.

A brief review of the procedural history of these cases will assist in understanding

Hindes's request and the posture of the case at the moment. In November 2014, Hindes filed an Eighth Amendment *Bivens* claim in No. 14-cv-1272-JPG-DGW complaining about the testosterone injection regimen he was provided while an inmate at the United States Penitentiary at Marion, Illinois. Then in December 2015, he filed No. 15-cv-1373-JPG-DGW asserting an FTCA claim based on the same medical treatment complaints. Noting that both cases involved the same conduct, in April 2016, the Court consolidated the cases, with No. 14-cv-1272-JPG-DGW being the lead case into which everything was filed thereafter (Doc. 75). About two months later, Hindes filed an amended complaint in the lead case adding an FTCA claim (Doc. 92). At that point, Hindes's *Bivens* and the FTCA claims were united in a single pleading. The Court then appointed counsel for Hindes, and the parties stipulated to dismissal of the FTCA claim without prejudice, noting that Hindes planned to seek leave later to amend his pleading to add an FTCA claim with the affidavit required by 735 ILCS 5/2-622(a) (Doc. 97). Hindes did not seek leave to amend his complaint before the *Bivens* claim against defendant Leslee Duncan, the only remaining defendant, went to trial in October 2018. The Court entered judgment on October 2, 2018, which reflected disposition of Hindes's *Bivens* and FTCA claims (Doc. 146). Now Hindes contends that, using the evidence presented at trial, he can provide the support required by 735 ILCS 5/2-622(a) for his FTCA claim, and he asks the Court to reopen that claim. He has also filed a notice of appeal of the October 2, 2018 judgment (Doc. 152).

The Court construes Hindes's motion to reopen his FTCA case, filed more than 28 days after entry of judgment, as a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment . . . , we treat it as a Rule 60(b) motion."). Because the motion asserts newly discovered evidence, it falls neatly with Rule

60(b)(2), which allows the Court to vacate a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

As a preliminary matter, the Court addresses its jurisdiction to consider this matter while Hindes's case is on appeal.[1] "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). For this reason, a district court does not have jurisdiction to grant a Rule 60(b) motion filed while the case is on appeal. *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). It does, however, have jurisdiction to deny such a motion, and should do so expeditiously if the motion appears to be without merit. *Id.*

Rule 60(b)(2) is not warranted. To the extent the evidence from the trial of this case might satisfy the requirements of 735 ILCS 5/2-622(a)—and, as noted below, it does not—Hindes has not explained why this is "newly" discovered evidence that he could not have obtained with reasonable diligence in time to move for a new trial. Evidence is considered "new" only if it is discovered after the case is over and judgment has been entered. *See Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002) ("[Rule 60(b)] is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been

---

[1] It is unclear from the record whether Hindes's appeal was timely. He had 60 days from entry of judgment to appeal this civil case against a federal government employee. Fed. R. App. P. 4(a)(1)(B)(iv). He signed his motion to reopen on day 59, the envelope in which he sent his motion bears a postmark from day 62, and Hindes has not included a sworn statement about when he placed his motion into the prison mail system for filing, *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner is considered to have "filed" a document when he turns it over to a prison official to be sent to the Court).

3

learned earlier."); *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000) (Rule 60(b)(2) designed to present "newly discovered evidence that could not have been obtained at the time of the original litigation.") Here, the trial witnesses (Paul Harvey, Leslee Duncan, and Robert King) whose evidence Hindes claims he first "discovered" at trial were all defendants in this case at one time or another. Hindes heard their testimony *at trial*, not after entry of judgment. Furthermore, with reasonable diligence, Hindes, who was represented by counsel for the two years preceding the trial, could have deposed these witnesses to discover their testimony long before now.[2] Therefore, their testimony does not constitute new evidence that, "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Additionally, even if the evidence to which Hindes now points were to qualify as newly discovered evidence under Rule 60(b)(2), it would not justify vacating the judgment and reopening the case. That evidence does not satisfy 735 ILCS 5/2-622(a), which requires every medical malpractice complaint seeking damages for injuries to attach a written report from a qualified health professional who has reviewed the medical records and other relevant material. That report must state "that there is a reasonable and meritorious cause for the filing of such action" and must identify the reasons for that determination. The witness testimony presented at trial does not satisfy these requirements: it is not written, and it does not conclude or explain that there is a reasonable and meritorious cause for filing a medical malpractice action. Accordingly, vacating the judgment is not warranted under Rule 60(b)(2) based on the testimony from the trial of Hindes's *Bivens* claim.

For these reasons, the Court **DENIES** Hindes's motion to reopen (Doc. 154). The Court

---

[2] Indeed, plaintiff did depose defendant Dr. Robert King, whose testimony was read to the jury in lieu of live testimony.

**DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for consideration in conjunction with Appeal No. 18-3597.

**IT IS SO ORDERED.**
**DATED:   December 17, 2018**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**